UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIERRA EMERSON,

                Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,

                Defendant.

_____/

Case No. 2:22-cv-12576

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DENYING MOTION TO COMPEL ARBITRATION [10]
AND DENYING AS MOOT MOTION TO CONSOLIDATE [11]**

Plaintiff Tierra Emerson worked for Defendant Blue Cross Blue Shield of Michigan from May 2019 to January 2022. ECF 7, PgID 109, 121. Defendant announced a mandatory COVID-19 vaccination policy for all employees on November 1, 2021. *Id.* at 109. After Defendant instituted the vaccine mandate, Plaintiff submitted a religious exemption request. *Id.* at 112–15. Defendant terminated her employment in January 2022. *Id.* at 116.

Plaintiff sued Defendant for religious discrimination under 42 U.S.C. § 2000e and for violating the Michigan Elliot-Larsen Civil Rights Act. *Id.* at 123–29. In lieu of an answer, Defendant moved to compel arbitration and to dismiss the complaint.

ECF 10. The parties briefed the motion. ECF 12; 15. For the following reasons, the Court will deny the motion.[1]

## LEGAL STANDARD

"A written agreement to arbitrate disputes arising out of a transaction in interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (quoting 9 U.S.C. § 2). "The court must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009) (quotation marks and quotation omitted). A party that seeks to enforce an arbitration agreement has the burden to show the agreement's existence. *Ford v. Midland Funding LLC*, 264 F. Supp. 3d 849, 855 (E.D. Mich. 2017) (citation omitted).

"Because arbitration agreements are fundamentally contracts," the "applicable [S]tate law of contract formation" applies to the determination of whether an arbitration agreement is enforceable. *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (citation omitted). In Michigan, the elements of a valid contract are "(1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Hess v.*

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

*Cannon Twp.*, 265 Mich. App. 582, 592 (2005) (quotation omitted). Whether the parties have mutually agreed to be bound "is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind." *Kloian v. Domino's Pizza, L.L.C.*, 273 Mich. App. 449, 454 (2006) (quotation omitted).

Last, "in deciding whether the making of an arbitration agreement is 'in issue,' courts should apply the same standard of review that they would under [Federal Rule of Civil Procedure] 56." *Shye v. Bookspan LLC*, No. 1:21-cv-12285, 2022 WL 721525, at *2 (E.D. Mich. Mar. 9, 2022) (citing *Boykin v. Fam. Dollar Stores of Mich.*, 3 F.4th 832, 838 (6th Cir. 2021)).

## DISCUSSION

Defendant claimed that the case should be dismissed because there was a valid agreement to arbitrate between the parties. ECF 10, PgID 172–76. The Court will deny the motion to compel arbitration because there is a genuine dispute of fact about whether an agreement to arbitrate existed. Two reasons support the finding.

First, Defendant provided no evidence of the signed arbitration agreement. *See* ECF 10; 10-2. In fact, Defendant admitted that, because of a software change, it did not have a copy of the job application or arbitration agreement that Plaintiff allegedly signed. ECF 10, PgID 175 n.1. Defendant asked the Court to infer, based on a declaration and a blank copy of an online employee application form, that Plaintiff had signed the arbitration agreement. *Id.*; ECF 10-2, PgID 183–84, 189–90. According to a "Talent Acquisition Director" employed by Defendant, it is impossible for any

BCBS employee to be hired and paid by BCBS without first reading and signing an "Applicant Statement," that includes an agreement to arbitrate any termination-related claims. ECF 10, PgID 173; ECF 10-2, PgID 183–84. Because Plaintiff acknowledged that she submitted an online job application, Defendant argued, she must have reviewed and signed the arbitration agreement. ECF 10, PgID 173.

Although "arbitration agreements . . . need . . . not necessarily [be] signed," *Seawright*, 507 F.3d at 978 (emphasis omitted), Defendant failed to offer *any* evidence of Plaintiff's online job application, including evidence of the alleged arbitration agreement, *see* ECF 10; 10-2. Further, Plaintiff claimed in a sworn declaration that she did not see or sign the agreement. ECF 12-1, PgID 306. And "in the absence of indisputable evidence to the contrary, an employee's sworn declaration that she did not consent to an arbitration agreement creates a genuine dispute of fact." *Shye*, 2022 WL 721525, at *7 (citations omitted); *see also Staten v. Home Care Servs., Inc.*, No. 21-cv-11323, 2021 WL 5989043, at *1 (E.D. Mich. Dec. 16, 2021) (an affidavit was "sufficient to create a material factual dispute as to whether [the plaintiff] entered into an agreement to arbitrate"). It follows, then, that Defendant's failure to provide evidence of the signed arbitration agreement, combined with Plaintiff's sworn declaration that she did not see or sign the agreement, creates a genuine dispute of fact here that precludes a motion to compel arbitration. *See Boykin*, 3 F.4th at 841.

Second, Defendant's argument that Plaintiff manifested her assent to the arbitration agreement by continuing to work for Defendant falls short. *See* ECF 10, PgID 174–75. To be sure, continued employment can demonstrate assent to an

4

arbitration agreement. *See Tillman v. Macy's, Inc.*, 735 F.3d 453, 460 (6th Cir. 2013); *Dawson v. Rent-A-Ctr., Inc.*, 490 F. App'x 727, 730 (6th Cir. 2012); *Mannor v. Amerilodge Grp., LLC*, No. 2:21-CV-11378, 2022 WL 2867182, at *5 (E.D. Mich. July 20, 2022) (Murphy, J.). Courts have also held that continued employment can convey assent if the employee knows that continued employment conveys assent. *See Seawright*, 507 F.3d at 970; *Williams v. FCA US LLC*, No. 17-10097, 2018 WL 2364068, at *5 (E.D. Mich. May 24, 2018). But knowledge does not automatically convey assent. *See Williams*, 2018 WL 2364068, at *5 (noting that knowledge "*can* manifest assent" and that "the governing case law does *not* suggest that continued employment, by itself, is *always* sufficient to manifest assent to an arbitration policy") (emphasis added). Thus, whether Plaintiff knew that continued employment conveyed assent to the arbitration agreement is not necessarily determinative.

In any case, Plaintiff argued that she knew nothing about the arbitration agreement's existence, much less that continued employment would signify assent to it. ECF 12-1, PgID 306–08. And Defendant offered no evidence that it had ever informed Plaintiff of that fact. *See* ECF 10, PgID 172–78; ECF 10-2; *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 418–19 (6th Cir. 2011) (no valid arbitration agreement because the employer had not made the agreement "available to" the employee). The image of Defendant's generic online application portal attached to the declaration of the Talent Acquisition Director, ECF 10-2, PgID 192–93, without more, does not establish that Defendant made Plaintiff aware of either the arbitration agreement's existence or that continued employment could create and

inference of assent to it. On balance, Plaintiff's continued employment with Defendant does not establish that she assented to the arbitration agreement.

In sum, Defendant's position makes sense, but there is no evidence to buttress it. Instead, there is a genuine dispute of fact about whether the parties agreed to arbitrate the claims at issue in the present lawsuit. The Court will therefore deny the motion to compel arbitration brought by Defendant.

Last, Defendant moved to consolidate the present action with twelve other cases filed in the Eastern District of Michigan against Defendant "for the limited purpose of deciding the pending and forthcoming near-identical motions to compel arbitration." ECF 11, PgID 255. Because the Court has denied the motion to compel arbitration, the Court will deny as moot the request to consolidate the twelve other actions with the present case.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to compel arbitration and dismiss the complaint [10] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion to consolidate cases [11] is **DENIED AS MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 21, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 21, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

6